**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: | |
| | Case No. 25-12572 MER |
| James Costello Turpen, | |
| | Chapter 7 |
|    Debtor. | |
| | |
| CHP 1010 McDowell LLC; CHP Edwards Medical LLC; CHP Metro North LLC; CHP Scottsdale Medical Pavilion LLC | Adversary No. 25-1223 MER |
| | |
|    Plaintiffs, | |
| | |
| v. | |
| | |
| James Costello Turpen, | |
| | |
|    Defendant. | |

**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' CLAIMS, DENYING FEES AND COSTS, AND SETTING DEADLINE FOR COUNTERCLAIM RESPONSE**

THIS MATTER comes before the Court on the Motion for Order Dismissing Adversary Proceeding ("**Motion to Dismiss**") filed by CHP 1010 McDowell LLC, CHP Edwards Medical LLC, CHP Metro North LLC, CHP Scottsdale Medical Pavilion LLC ("**Plaintiffs**"), the Response filed by Defendant-Debtor James Turpen, and the Plaintiffs' Reply.[1]

**BACKGROUND**

The Plaintiffs filed their Complaint against the Debtor on August 11, 2025, alleging claims for nondischargeability of debt under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6).[2]  The Debtor filed an Amended Answer and Counterclaim on March 24, 2026.[3] Debtor's counterclaim is for "Breach of Contract: Advancement and Indemnification of

---

[1] ECF Nos. 22, 25.

[2] Unless otherwise noted, all references to "Section," "§," "Bankruptcy Code" and "Code" and "Rules" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.* and the Federal Rules of Bankruptcy Procedure, Rule 1001, *et seq.*

[3] ECF No. 19.

Defense Costs," and alleges Plaintiffs must advance and/or reimburse him for the costs of defending this adversary proceeding.  Debtor also filed a separate Motion to Compel Advancement of Defense Costs seeking the same relief as his counterclaim.[4]  Plaintiffs did not file an answer or otherwise respond to the Debtor's counterclaim or the Motion to Compel.  Instead, Plaintiffs filed their Motion to Dismiss seeking to dismiss all claims in the Complaint.  Plaintiffs assert that, after further investigation and consultation with professionals and stakeholders, they believe continued litigation is not warranted.  Debtor's Response does not oppose dismissal so long as it is with prejudice.  The Debtor also demands that, as a condition of dismissal, the Court award him costs pursuant to Fed. R. Civ. P. 41(a)(2) and 11 U.S.C. § 105, and as requested in his counterclaim and Motion to Compel.

## DISCUSSION

### A.    Dismissal With Conditions Under Rule 41(a)(2)

Voluntary dismissal motions filed by a plaintiff after an opposing party has filed an answer are governed by Fed. R. Civ. P. 41(a)(2), made applicable to this proceeding by Fed. R. Bankr. P. 7041.  Rule 41(a)(2) states that, in such circumstances, "an action may be dismissed at the plaintiff's request only by order of the court, on such terms that the court considers proper."[5]  The purpose of Rule 41(a)(2) is "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."[6]  The Court has discretion to grant or deny such motions.  "But absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."[7]

When considering a voluntary motion to dismiss, "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties."[8]  Among the factors to be considered by a court in making this evaluation are: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation."[9]  This list of factors "is by no means exclusive," and factors that are "unique to the context of the case" may also be considered.[10]  In reaching its conclusion, a court "should endeavor to insure substantial justice is

---

[4] ECF No. 20.

[5] Fed. R. Civ. P. 41(a)(2).

[6] *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (alterations and quotations omitted) (citing *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir.1996)).

[7] *Id*. (citing *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir.1997)).

[8] *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993).

[9] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir.1997).

[10] *Id*.

accorded to both parties," and therefore the court "must consider the equities not only facing the defendant, but also those facing the plaintiff."[11]

In this case, the factors weigh in favor of dismissal.  The case is still in its early stages with no scheduling order yet entered.  Although there has been some motions practice to date, all motions have been filed by the Debtor, not the Plaintiffs.  Neither side indicates that they have made any substantive trial preparations.  Plaintiffs have not caused delays or otherwise lacked diligence in this proceeding.  The Motion to Dismiss adequately lays out the reasons for seeking dismissal, including business, practical, and economic considerations, including the substantial time and expense associated with continued litigation and ongoing business matters involving related entities.  Thus, the Court concludes dismissal of Plaintiffs' Complaint is appropriate.

The Debtor requests that dismissal of the Plaintiffs' Complaint be "with prejudice." In their Reply, Plaintiffs state that dismissal "with prejudice" is unnecessary because "dismissal accomplishes the same practical and legal effect" given that the deadline for filing § 523 claims has expired,  and thus, Plaintiffs are procedurally barred from reasserting nondischargeability claims.[12]  The Court agrees – there is no avenue for the Plaintiffs to renew their § 523(a) claims, given the Debtor has received a discharge in his main bankruptcy case (now closed), and the deadline for filing § 523(a) claims has long since passed.[13]  As such, dismissal with prejudice is appropriate.

The other condition requested by Debtor is that the Court award him the costs he incurred in defending Plaintiffs' Complaint.  The Court has discretion under Rule 41(a)(2) to place conditions on dismissal as it deems "proper" based on the equities of the case.  Courts sometimes award attorneys' fees and costs as a condition of dismissal to protect the defendant from the risk that the plaintiff will refile the suit and impose duplicative expenses on the defendant.[14]  However, where a court dismisses a plaintiff's complaint with prejudice, there is no such risk.  Accordingly, the Tenth Circuit has held that "we continue to adhere to the rule that a defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances."[15] Thus, the Debtor must show exceptional circumstances to be awarded either attorney's fees or costs as a condition of dismissal with prejudice.

The Debtor is *pro se* and so has not incurred any attorney's fees in this proceeding.  He nevertheless contends he is entitled to be reimbursed for his own time spent defending Plaintiffs' claims at a rate of $250/hour.  The Debtor, who is not an attorney, estimates he has spent at least 345.5 hours on the case (not including responding to the Plaintiff's Motion to Dismiss) and requests an award of $86,375 for his

---

[11] *Id*.

[12] ECF No. 26, ¶ 8.

[13] *See* Case No. 25-12572, ECF No. 9 (setting deadline to oppose dischargeability on August 11, 2025); ECF No. 19 (entering discharge on October 10, 2025).

[14] *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997).

[15] *Id*.

time. He contends this award is warranted because he believes the allegations of Plaintiffs' Complaint were unfounded and because he has allegedly suffered "reputational harm" from the allegations in the Complaint that he committed fraud and embezzlement and other financial misdeeds.

As a general rule, pro se litigants may not recover "attorney's fees" for their own time under fee-shifting statutes or as a sanction.[16] The Debtor cites no legal authority that would permit this Court to award him compensation for his own time as a "cost" under Rule 41(a)(2). Even if such authority existed, he has not shown any "exceptional circumstances" necessitating such an award. The Debtor seems convinced that the Plaintiffs' claims are meritless, but his opinion alone is not an exceptional circumstance. Nothing in Debtor's Response convinces the Court that the Plaintiffs' claims are frivolous or groundless such that sanctions would be warranted. If the Debtor truly believed the Plaintiffs' claims were groundless or brought for an improper purpose, he could have sought sanctions under Rule 11, but did not.[17] The Debtor's allegations that he has suffered "reputational harm" merely from the Plaintiffs asserting allegations in a soon-to be-dismissed complaint are likewise unpersuasive. The Debtor seems to be referring to "reputational harm" standards applicable in defamation cases. However, this is not the proper court or procedural context in which to assert such a claim, and, in any event, the Plaintiffs would likely enjoy an absolute litigation privilege for allegations contained in the Complaint.[18] Accordingly, the Court declines to award costs as a condition of dismissal under Rule 41(a)(2).

The Debtor also cites to 11 U.S.C. § 105 as a basis for awarding him costs. Bankruptcy courts have the inherent authority under § 105 to sanction conduct abusive of the judicial process.[19] A court may award attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."[20] The award of sanctions for abusive conduct is left to the discretion of the presiding court.[21] Because of their potency, a court must exercise its inherent powers "with restraint."[22] In this case, the

---

[16] *See Grays v. Auto Mart USA, LLC*, 2020 WL 6268630, at *15 (D. Colo. Oct. 26, 2020) ("[T]he rule that pro se litigants may not recover attorney fees for their own time or the time of their assistants is so firmly-established in this Circuit as to be axiomatic."); *Haggart v. U.S.*, 38 F.4th 164, 169 (Fed. Cir. 2022) (noting pro se representation is not compensable under various federal fee shifting statutes); *Greer v. Moon*, 2026 WL 881394, at *2 (D. Utah Mar. 31, 2026) ("Courts have generally held that pro se litigants may not recover attorney fees as a sanction.").

[17] Fed. R. Civ. P. 11, made applicable by Fed. R. Bankr. P. 9011. There is no indication that the Debtor followed the mandatory procedural requirements for a Rule 11 request, including sending of a "safe harbor" letter." *See Roth v. Green*, 466 F.3d 1179, 1191-93 (10th Cir. 2006) (setting out Rule 11 procedures).

[18] *See Vivos Therapeutics, Inc. v. Ortho-Tain, Inc.*, 142 F.4th 1262, 1265 (10th Cir. 2025) (discussing absolute privilege to publish defamatory matter during the course and as a part of, a judicial proceeding).

[19] *Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd., Inc.)*, 40 F.3d 1084, 1089 (1994).

[20] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).

[21] *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1256 (10th Cir. 2015).

[22] *Chambers*, 501 U.S. at 45.

Debtor has failed to identify any conduct by Plaintiffs that this Court would identify as done in bad faith, vexatiously, wantonly, or for oppressive reasons.  Moreover, as discussed above, a pro so litigant is not entitled to an award of attorney's fees or costs for his own time.  Thus, the Court declines to award fees or costs under § 105.

Finally, the Debtor points to certain contractual provisions as a basis for an award of costs.  First, he cites to provisions in a "Management and Leasing Agreement" between one of the Plaintiffs, CHP 1010 McDowell LLC, and Centum Health Properties, Inc. ("**Centum**").[23]  Section 4.4 of that Agreement requires the Plaintiff to pay certain expenses incurred by Centum as the "Agent."  The expenses include reimbursement of Centum's time at the rate of $250 per hour.  The Debtor appears to rely on this provision to recover reimbursement for his time at $250 per hour.[24]  The exact relationship between Centum and the Debtor has not been established, although Plaintiffs' Complaint alleges the Debtor owns Centum.  Regardless, Centum is a distinct corporate entity that is not a party to this adversary proceeding.  Centum's alleged right to reimbursement for its time under the Agreement does not confer on the Debtor, as an individual litigant, the same right to reimbursement.  The Court therefore concludes the Management and Leasing Agreement does not give the Debtor a contractual right to reimbursement for his time.

The Debtor also points to LLC Operating Agreements for each of the Plaintiffs.  Those LLC Operating Agreements contain provisions that require Plaintiffs to indemnify "Managers" for any loss, liability, or claim asserted against those Managers in the ordinary and proper conduct of the LLC, including reasonable attorney's fees.  It is unclear whether the Debtor acted individually as a "Manager" under the Operating Agreements or whether Centum was the "Manager".  To the extent it was Centum, the Operating Agreement fails to provide a basis for reimbursement for the reasons discussed above.  Even if Debtor individually served as manager, the quoted provision does not provide for reimbursement of his personal time at $250/hour.  Rather, the agreement references reimbursement of "attorney's fees."  The Debtor has incurred no attorney's fees in this case.  Thus, the Operating Agreements do not provide a contractual basis for reimbursing the Debtor for his personal time.

The Court will therefore dismiss the Plaintiffs' Complaint with prejudice, but will not condition such dismissal on an award of Debtor's costs.

## B.      Motion to Compel

The Debtor's Response to the Motion to Dismiss also asks the Court to award him costs pursuant to his Motion to Compel.  The Motion to Compel essentially asks for two kinds of relief: reimbursement for the time the Debtor has already incurred defending this proceeding at a rate of $250/hour and (2) an order compelling Plaintiffs to

---

[23] Debtor's Motion to Compel, ECF No. 20, Ex. B.

[24] Even if the Debtor could show he was a party to the Agreement, the applicability of § 4.4 is questionable given that it appears to be limited to reimbursement for expenses related to "alleged or actual violation of state or federal labor laws."  This proceeding does not involve any labor law.

advance monies to pay for future costs, including hiring an attorney.  The latter request is now moot given that the Court is dismissing the Plaintiffs' Complaint.   The first request is identical to the arguments raised in Debtor's Response to the Motion to Dismiss and is denied for all the reasons stated above.

## C.      Counterclaim

Finally, the Debtor's Response also asks the Court to award him costs pursuant to his counterclaim.  Given that the Debtor based his counterclaim on the same legal theories he asserted in his Response and the Motion to Compel, the Court is inclined to dismiss the counterclaim *sua sponte*.  However, Rule 41(a)(2) specifically speaks to dismissal of counterclaims in this context.  The Rule states: "if a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."[25]  Thus, the Court will leave the Debtor's counterclaim pending and set a deadline for the Plaintiffs to file an answer or independently seek dismissal of the counterclaim.

## CONCLUSION

For all the reasons set forth above, the Court hereby ORDERS as follows:

1. The Plaintiffs' Motion to Dismiss is GRANTED, and the Plaintiffs' Complaint is DISMISSED with prejudice.

2. The Debtor's Motion to Compel is DENIED.

2. On or before **June 3, 2026**, the Plaintiffs shall answer or otherwise respond to the Debtor's counterclaim.

Dated: May 20, 2026.                                    BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[25] Fed. R. Civ. P. 41(a)(2).